374 P.2d 24

**SALINA CREEK IRRIGATION COMPANY,**
a Utah corporation, Plaintiff
and Respondent,

v.

**State of Utah, STATE ENGINEER, et al.,**
Defendants and Appellants.

No. 9430.

Supreme Court of Utah.

Aug. 27, 1962.

---

A. Pratt Kesler, Atty. Gen., Dallin W. Jensen, Richard R. Boyle, Asst. Attys. Gen., Salt Lake City, Sam Cline, Milford, Thorpe Waddingham, Delta, for appellants.

McKay & Burton, Henry D. Moyle, Jr., Salt Lake City, for respondent.

WADE, Chief Justice.

Plaintiff, Salina Creek Irrigation Company, respondent here, commenced this action for a review of the State Engineer's decision of November 12, 1958, interpreting the Cox Decree, which is a general adjudication of the water rights of the Sevier River System dated November 30, 1936. On December 20, 1960, the trial court reversed the State Engineer's decision thereby construing the Cox Decree in favor of plaintiff, Salina Creek Irrigation Company. The State Engineer, and the five irrigation companies which use the Sevier River water below the Sevier Bridge Reservoir and the Sevier River Water Commissioner, who is a water user of one of these lower irrigation companies, who are the defendants in this action, appeal from the trial court's decision.

The appellants contend that the Cox Decree is res judicata of the rights of the parties to use Sevier River waters; that it is clear and without ambiguity that such rights are in accordance with the Engineer's decision, and so the trial court erred in reversing the Engineer's decision. Whether the Cox Decree is clear and unambiguous and in accordance with the Engineer's decision, on the questions decided by the trial court, is the main issue for us to determine. All emphasis to quotations is added by the author of this opinion.

The Cox Decree provides (see page 230 of that decree) "that, *except as herein otherwise specifically provided,* all waters shall be measured to the owners and users thereof as of their respective dates of priority, *so that each user or owner of the waters herein decreed shall be assured that his right will be satisfied in full before any subsequent appropriators shall receive any water whatever;* provided, however, *that where a maximum and minimum right is herein decreed,* such prior appropriator shall be entitled *only to the minimum right herein decreed, as against each and every subsequent appropriator, until the minimum rights of all subsequent appropriators are satisfied,* * * *."

The State Engineer's decision was rendered November 12, 1958. It directed the

Sevier River Commissioner to distribute the Sevier River water thereafter as follows:

"The minimum rights of Salina Creek Irrigation Company as set out on page 65 of the Cox Decree shall be satisfied in accordance with their priority. The maximum rights of this company as set out on page 65 may not be satisfied until all other direct flow rights, designated either as minimum rights or given only one flow right, and those rights listed on pages 195 to 197 of said decree, and commonly called the A to F rights, are fully satisfied regardless of the date of priority."

The above quoted provision from the Cox Decree deals only with "where a maximum and minimum right is decreed to the prior appropriator" and the priority of all subsequent appropriators' rights as against the maximum rights of prior appropriators is limited to "the minimum rights of all subsequent appropriators." There is no statement in the decree which supports or justifies the order of the State Engineer that the maximum rights of prior appropriators "may not be satisfied until all other direct flow rights, designated either as minimum rights or given only one flow right, and those listed on pages 195 to 197 of said decree" are fully satisfied, but it is obvious that the State Engineer's reference to direct flow rights had to do with the minimum and maximum rights mentioned in the Cox Decree, both of which, of course, are direct flow rights. It appears that his reference thereto was to distinguish between flow rights and storage rights, and we agree that the flow rights, minimum or maximum, the subject of this litigation, are prior to the storage rights suggested in the appellants' brief, but not made a specific point on appeal. The decree states that "such prior appropriator shall be entitled only to the minimum rights herein decreed as against each and every subsequent appropriator, until the minimum rights of all subsequent appropriators are satisfied." Had this provision ended with the clause, "as against each and every subsequent appropriator," there would have been some justification for the Engineer's construction on the theory that by implication it gave priority to all rights decreed to subsequent appropriators after the satisfaction of the minimum rights of the prior appropriator. However, the last provision leaves no room for implication, for it expressly states what rights of subsequent appropriators shall have priority. Such rights are specified as "the minimum rights of all subsequent appropriators." Since this is stated in clear and unambiguous language, we have no choice but to follow the mandate of the decree.

Decree is reversed with directions to enter a judgment that the maximum rights of prior appropriators may not be satisfied until the minimum rights of all subsequent appropriators are satisfied, in accordance

with the views herein expressed. No costs awarded.

McDONOUGH, J., concurs.

HENRIOD, Justice.

I concur in the result with respect to minimum-maximum rights with some reservation as to "direct" or "one-flow" rights. After litigation commenced in 1916, followed by Bacon's Bible a decade later, and the Cox Decree another decade thereafter, said decree simply and clearly said in 1936 what the main opinion, in its third paragraph, said it said. What the main opinion said it said was that the maximum rights under minimum-maximum rights were subordinate to subsequent appropriators' minimum rights. Whatever the State Engineer volunteered as to direct flow rights was not inconsistent, perhaps superfluous, but I think born, of an abundance of caution. No one made any point as to that part of his determination. My opinion is that the Cox Decree is clear, and that "direct" or "one-flow" rights volunteered by the Engineer was superfluous. The Engineer's determination as to minimum-maximum rights

should be affirmed, as is done in the main opinion.

CALLISTER and CROCKETT, Justices (dissenting).

We are not persuaded that there is any ambiguity in the Cox Decree in providing that a user has a "maximum and a minimum" right. That phrase should require no further explanation. But in view of the controversy here involved, it seems appropriate to make this observation: it means that a user such as Salina Creek, which has a "maximum and a minimum" right, is entitled to use its minimum right before subsequent appropriators having either "maximum-minimum" rights, or one-flow rights, are satisfied. However, after the minimum rights of the subsequent maximum-minimum right holders, and the requirements of the subsequent one-flow right holders are met, then prior appropriators such as Salina Creek have the right to use water above their minimum right until their maximum is reached. This interpretation is made even more clear by the fact that the provision from page 230 of the Cox Decree, quoted in the main opinion, is at the conclusion of the decree, after all water rights have been allocated.