379 P.2d 376

**SALINA CREEK IRRIGATION COMPANY, a Utah corporation, Plaintiff and Respondent,**

v.

**STATE of Utah, State Engineer, et al., Defendants and Appellants.**

No. 9430.

Supreme Court of Utah.

March 8, 1963.

A. Pratt Kesler, Atty. Gen., Dallin W. Jensen, Asst. Atty. Gen., Salt Lake City, Sam Cline, Milford, Thorpe Waddingham, Delta, for appellants.

McKay & Burton, Henry D. Moyle, Jr., Salt Lake City, for respondent.

CALLISTER, Justice.

Our prior treatment of this case [1] has evidently created some confusion and misunderstanding among the parties concerned. Perhaps a chronological review of the various proceedings and some appropriate comment as to each might be helpful to a sound conclusion of the matter.

On November 12, 1958, the State Engineer rule that the plaintiff, Salina Creek Irrigation Company, could satisfy the minimum flow right awarded to it under the Cox Decree in accordance with its priority, but that "all other direct flow rights, designated either as minimum rights or given only one flow right" were to be next satisfied before any water could be diverted by the plaintiff to satisfy its maximum right.

The plaintiff sought a review of this ruling by filing a civil action in the lower court, and that court, by a decree entered on December 20, 1960, found in favor of the plaintiff and reversed the ruling of the State Engineer, saying, among other things, "That none of the defendant water users have rights described in said Cox Decree as 'minimum and maximum' rights, and the provision at page 230 of the Cox Decree * * * does not make the diversion by the plaintiff of its maximum quantities under said Cox Decree dependent on whether or

---

1. 13 Utah 2d 335, 374 P.2d 24 (1962).

not any or all of defendants are receiving all or any part of their or any of their awards, in said Decree." This decree had the effect, among the litigants, that the plaintiff, which had both minimum and maximum rights with the earlier priority, would be entitled to divert the flows awarded under both rights ahead of any use by any of the defendants, because none of them had been awarded "minimum and maximum" flows but were the recipients of only a "one-flow award," together with a priority. This decree, and particularly the findings and conclusions which support it, determined that the language on page 230 of the Cox Decree was inapplicable to the controversy.

The decree of the lower court was thereafter appealed to this court and our prior decision was handed down on August 26, 1962, in which two members concurred in the majority opinion, one concurred in the result, and two dissented. The majority opinion reversed the trial court but did not affirm the ruling of the State Engineer. The special concurring opinion stated, in part: "The Engineer's determination as to minimum-maximum rights should be affirmed, as is done in the main opinion." The two dissenters, in effect, agreed with the ruling of the State Engineer. All of this created a doubt as to the role now to be played by the trial court.

A rehearing having been granted, and the matter again having been presented to us by oral argument and written briefs, we now conclude that the decision of the lower court must be reversed and the ruling of the State Engineer affirmed. To avoid any further misunderstanding, we adopt the dissenting opinion in the prior decision, which reads as follows:

"We are not persuaded that there is any ambiguity in the Cox Decree in providing that a user has a 'maximum and a minimum' right. That phrase should require no further explanation. But in view of the controversy here involved, it seems appropriate to make this observation: it means that a user such as Salina Creek, which has a 'maximum and a minimum' right, is entitled to use its minimum right before subsequent appropriators having either 'maximum-minimum' rights, or one-flow rights are satisfied. However, after the minimum rights of the subsequent maximum-minimum right holders, and the requirements of the subsequent one-flow right holders are met, then prior appropriators such as Salina Creek have the right to use water above their minimum right until their maximum is reached. This interpretation is made even more clear by the fact that the provision from page 230 of the Cox Decree, quoted in the main opinion, is at the conclusion of the decree, after all water rights have been allocated."

Reversed. No costs awarded.

CROCKETT, J., concurs.

HENRIOD, Chief Justice (concurring).

I concur, in doing so, it is pointed out that all members of the court seem to agree that the lower court's decision must be reversed, and that under the Cox Decree the plaintiff is entitled to its minimum rights ahead of subsequent appropriators, but that such subsequent appropriators' minimum rights are paramount to and satisfiable prior to the assertion by plaintiff of its maximum rights. This conclusion, it seems to me, is suggested clearly and imperatively in the Cox Decree.

The differences in interpretation by the members of the court are not what the Cox Decree adjudicates, but in the use of language on the part of the State Engineer, who, in caution, I believe, spoke of one-flow (synonymous with "minimum" and treated as such by the State Engineer, in my opinion) or direct-flow rights only to differentiate such rights from storage rights.

Some confusion may have been generated in Mr. Chief Justice Wade's statement in the prior opinion [1] where, after quoting verbatim from the Cox Decree, which says, in part, "provided, however, that where a maximum and minimum right is herein *decreed* * * *," he requoted this language, two paragraphs later, as "where a maximum and minimum right is decreed *to the prior appropriator*." The intimation that this latter phrase was intended to have been inserted in the Cox Decree adds something that is not there,—a circumstance that could lead to some doubt resulting in difference of opinion as to what rights were adjudicated. I point this out not to give birth to an argument, but hoping to bury it, since, in the last analysis we are unanimous in our opinion that irrespective of fine distinction as to articulation, the Cox Decree awarded plaintiff 1) certain minimum rights, 2) subsequent appropriators' certain minimum rights, which, when satisfied, 3) gave plaintiff certain maximum rights.

It seems to me that the only source of divergence in opinion is as to whether the State Engineer's edict should be upheld or reversed, because of language alone. We are all in accord that the trial court was in error in concluding that the Cox Decree said that plaintiff could assert both its minimum *and* maximum rights before subsequent appropriators could assert their minimum rights in between plaintiff's minimum and maximum rights.

WADE, Justice (dissenting).

I dissent, adhering to our previous opinion.[1]

In the former opinion after extensively and correctly quoting from the Cox Decree,

---

1. Salina Creek Irr. Co. v. Utah State Engineer, 13 Utah 2d 335, 374 P.2d 24 (1962).

in analysing the situation, I inadvertently, in requoting a part of what I had quoted before, added the words "to the prior appropriator" which were not contained in the Cox Decree. With these words added, the sentence reads as follows: "The above quoted provision from the Cox Decree deals only with 'where a maximum and minimum right is decreed *to the prior appropriator'* and the priority of all subsequent appropriators' rights as against the maximum rights of prior appropriators is limited to 'the minimum rights of all subsequent appropriators.' " This sentence should have read as follows: "The above quoted provision from the Cox Decree deals only with 'where a maximum and minimum right is decreed' and the priority of all subsequent appropriators' rights as against the maximum rights of prior appropriators is limited to 'the minimum rights of all subsequent appropriators' ". (Emphasis added.)

The only possible effect that the erroneously added words could have on the meaning of the sentence in question would be to make the sentence quoted in the Cox Decree applicable only where a maximum and minimum right is decreed to the prior appropriator, whereas, without those words, all that would be necessary to make the provision being discussed applicable to all parties would be that there be a minimum and maximum right decreed, even though it were not decreed to the prior appropriator.

Since there is no question in this case that minimum and maximum rights were decreed to the Salina Creek Irrigation Company, who was the prior appropriators in this instance, the addition of these extra words would not in any sense of the word affect the meaning of the part quoted. So I feel certain, although I regret very much having mistakenly added those words, that no one could be or was misled thereby.

The following comment taken from the original opinion is equally applicable to the situation with or without those added words: "The decree states that 'such prior appropriator shall be entitled only to the minimum rights herein decreed as against each and every subsequent appropriator, until the minimum rights of all subsequent appropriators are satisfied.' Had this provision ended with the clause, 'as against each and every subsequent appropriator," there would have been some justification for the Engineer's construction on the theory that by implication it gave priority to all rights decreed to subsequent appropriators after the satisfaction of the minimum rights of the prior appropriator. However, the last provision leaves no room for implication, for it expressly states what rights of subsequent appropriators shall have priority. Such rights are specified as 'the minimum rights of all subsequent appropriators." Since this is stated in clear and unambigu-

I.  13 Utah 2d 335, 374 P.2d 24 (1962).

ous language, we have no choice but to follow the mandate of the decree."

I fully agree with that paragraph. I further contend that if we take any other view of the language originally quoted in the previous opinion from the Cox Decree, such as is adopted by the court in this decision, the trial court was correct in holding that the Cox Decree is ambiguous and uncertain and in receiving testimony and evidence on the intention of the court in entering that decree. And if such were the case, the trial court's decision would have to be affirmed.

McDONOUGH, J., concurs in the dissenting opinion of WADE, J.